UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-07175-DMG (SK) | Date | August 13, 2020 |
| Title | Anthony R. Archuleta v. Ko et al. | | |

| | |
|---|---|
| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner seeking to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 against four Los Angeles County Deputy Sheriffs who work at the Twin Towers Correctional Facility. (ECF 1 at 3-4). He alleges that they violated his Eighth Amendment rights by taunting him to commit suicide and then denying him medical assistance when he tried to commit suicide. (*Id.* at 3-4, 5-6). He also alleges that one deputy sheriff endangered his life by telling inmates that Plaintiff is a "child molester" and a "snitch." (*Id.* at 4, 6). Plaintiff's in forma pauperis application, however, is deficient for three reasons.

First, Plaintiff failed to authorize disbursements from his prison trust account to pay the filing fees and to provide a certified copy of his trust fund statement for the last six months. *See* 28 U.S.C. § 1915(a)-(b); L.R. 5-2. Without that authorization and the certified statement, Plaintiff cannot proceed with his complaint unless he first pays the full amount of the filing fee.

Second, even if Plaintiff were to fix this procedural deficiency, the claims in the complaint appear unexhausted. Under the Prison Litigation Reform Act ("PLRA") of 1995, state prisoners—including pretrial detainees—seeking relief in federal court for alleged civil rights violations must exhaust all available prison administrative remedies before filing a federal lawsuit. *See* 42 U.S.C. § 1997e(a), (h). Here, Plaintiff signed his complaint mere days after the events complained of. (ECF 1 at 3, 6, 7). And although he claims that he exhausted his administrative remedies, the notice of disposition that Plaintiff attached to his complaint concerns a grievance Plaintiff filed months *before* the events alleged in the complaint. (*Id.* at 2, 8). Dismissal is thus appropriate when, as here, failure to exhaust is clear from the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Hammler v. California*, 2020 WL 3571589, at *1 (E.D. Cal. July 1, 2020) (inferring lack of administrative exhaustion because Plaintiff filed complaint less than a month after the events alleged in complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-07175-DMG (SK) | Date | August 13, 2020 |
|---|---|---|---|
| Title | Anthony R. Archuleta v. Ko et al. | | |

    Third and last, the deputy sheriffs may not be sued in their official capacities on the facts alleged. An official-capacity suit against employees of a municipality "is equivalent to a suit against the governmental entity itself." *Gomez v. Vernon*, 255 F.3d 1118, 1126-27 (9th Cir. 2001). So to bring official-capacity claims against Defendants, Plaintiff must allege facts—not mere conclusory assertions—plausibly showing that Los Angeles County had a policy, practice, or custom to violate Plaintiff's constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But Plaintiff has alleged only an "isolated" or "sporadic" incident by the individual deputy sheriffs in their personal capacities, which cannot support municipal liability under *Monell*. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

    For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **September 14, 2020** why his in forma pauperis application should not be denied and his complaint dismissed. If Plaintiff wishes to proceed with this action, he must first file a complete form CV-60P (attached here) that authorizes disbursements from his prison trust account and includes <u>a certified copy of his trust account statement for the last six months</u> or pay the full amount of the required filing fee. Even then, Plaintiff must also file either an amended complaint that cures the deficiencies described in this order or a response to this order explaining why it is wrong. If Plaintiff cannot cure the deficiencies outlined in this order, or if Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached form CV-09. Prisoner complaints that are voluntarily dismissed do not count as strikes under 28 U.S.C. § 1915(g), which limits the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.

    **If Plaintiff files no notice of voluntary dismissal or timely response to this order, the Court may also recommend involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

    **IT IS SO ORDERED.**